UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUSSELL MONTGOMERY,

                Petitioner,                **ORDER**
    -vs-                                   No. 04-CV-6474(DGL)(VEB)

ROBERT WOODS, Superintendent,
Upstate Correctional Facility,

                Respondent.
_____

      Petitioner Russell Montgomery ("Montgomery") has applied to the Court for appointment of counsel, *see* Docket Nos. 4,5, on "the grounds that he is incarcerated in a facility, is a layman at law, and as such faces inherent difficulty in researching and presenting the complex legal issues that comprise this action in manner consistent with this courts [sic] protocols," Docket No. 5. Montgomery further asserts that he is indigent and that there is no attorney willing to represent him free of charge. *See* Docket No. 5

      The Supreme Court has clearly held that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require." Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. §

848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed Montgomery's application for counsel in light of the factors required by law as set forth by the Second Circuit in *Hodge*. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, Montgomery has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. Montgomery claims that he needs counsel because of the complexity of the claims now raised in this matter. However, Montgomery's habeas claims appear to be ones which can be addressed and reviewed solely by means of the state court records. Therefore, it does not appear at this time that he requires the assistance of counsel to present the claims raised in his habeas petition.

Based on the Court's review, Montgomery's motion for appointment of counsel (Docket Nos. 4, 5) is **DENIED** without prejudice. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. *See* 28 U.S.C. § 1654.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   October 19, 2007
         Rochester, New York.